# Firestone *v.* Firestone.

*Bill in Equity to enforce Parol Trust.*

*Parol contract for purchase of land enforced against agent in favor of principal.* — When an agent receives from his principal money to be invested in lands for him, and uses the money so furnished (with his own money) in making the purchase, but takes the title in his own name, and repudiates the trust, a Court of Equity will enforce the trust against him, and will not allow him to set up the Statute of Frauds in his defence, on the ground that his agency was without written authority.

APPEAL from the Chancery Court of Cherokee.
Heard before the Hon. B. B. McCRAW.

J. FALKNER, for appellant.

FOSTER & FORNEY, *contra.*

PETERS, J.—The bill alleges that James C. Firestone,

[Firestone *v.* Firestone.]

the complainant in the court below, who was in treaty with one Kyle to purchase a parcel of lands from him (said Kyle), "procured the services of Matthias Firestone," the defendant in the court below, "to go to Gadsden, Alabama, and close the purchase, and take a deed from Mr. R. B. Kyle to orator for said lands." The agent thus procured accepted the trust, received the instructions of his principal, and ninety dollars in money, and a letter to Kyle from the attorney of his principal, which was read to him, and went upon his mission to complete the purchase of the lands, which are particularly described in the bill. The price fixed on the lands by Kyle was $350; and the agent, who seems to have been the brother of the principal, was to supply the balance of the purchase money, above the ninety dollars aforesaid. When the agent reached Kyle, he purchased the lands, and took the deed in his own name, and claimed the lands as his own, and wholly repudiated any agency for his brother in the transaction. The principal then tendered him the amount of money he had paid for the lands, and requested him to convey the lands to him. This the agent refused, and set up title in himself. The answer denies the allegations of the bill, and demurs for want of equity. The demurrer was overruled; and the learned chancellor, being satisfied that the evidence fully sustained the averments of the bill, decreed for the complainant, and by his judgment ordered and adjudged, "that all the right, title, and interest of the defendant in and to the land set forth and described in the complainant's bill be divested out of him, and invested in the complainant," and taxed the defendant with the costs. From this decree the defendant in the court below brings the case to this court by appeal; and here he assigns the judgment of the court below for error.

The bill is not destitute of equity. The principal furnished the agent with the funds to pay for the lands, in part or whole. This takes the case out of the Statute of Frauds. Agency is a matter of trust, and in such matters chancery has original and plenary jurisdiction. 1 Story's Equity, § 463. When the agent has once accepted the trust, he will not be permitted to turn the advantage he may thus gain to his own profit, without the assent of the principal. He is bound to act in good faith, and for the advantage of his principal throughout. Less than this would open the door to fraud and wrong. 1 Story's Eq. §§ 315, 316. No court will aid a party in the perpetration of a fraud, the disregard of good conscience, or a violation of the laws of the land. The testimony in the court below amply sustains the decree; and the defendant, by his attempted fraud, has forfeited the relief he prays in his cross-bill.

The decree of the court below is therefore affirmed, with costs.